IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY INC., | ) ) ) | CV 11-44-M-DWM |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| BRUCE and HAROLD TUTVEDT, | ) ) | |
| Defendants. | ) ) | |

Plaintiff Mountain West Farm Bureau Mutual Insurance Company, Inc. ("Mountain West") seeks summary judgment in this insurance dispute. It asks for a declaration that it owes no duties under Policy Number CQM11243 ("the Policy") to defend or to indemnify Defendants ("the Tutvedts") against claims made in <u>Cloy Hartung v. Bruce P. and Linda Tutvedt, et al.</u>, DV 10-765A, Eleventh Judicial District, Flathead County, Montana. For the reasons set forth below, Mountain West is entitled to summary judgment.

## I. Statement of Facts

The parties disagree about whether the Policy in question covers injuries to the Tutvedts' employee, Cloy Hartung, that he suffered while in the course of his employment on the Tutvedts' farm in Montana. In the underlying case, Hartung alleges he was attempting to unclog an auger pipe when Bruce Tutvedt "reenergized" the auger, causing the amputation of Hartung's right hand and wrist. Hartung filed tort claims against the Tutvedts in state court, claiming they are not protected from further liability despite workers' compensation exclusivity and also that Montana's workers' compensation exclusivity is unconstitutional.

Mountain West and the Tutvedts agree that Hartung was the Tutvedts' employee, that he suffered bodily injury in the course of his employment, and that he received workers' compensation benefits. They disagree about whether the Policy covers his injury. Mountain West argues Hartung's injury is not covered because the Policy excludes 1) coverage for bodily injury to a person receiving workers' compensation benefits and 2) coverage for bodily injury to employees.

The Tutvedts respond that the Policy provides coverage for bodily injury to an employee covered by workers' compensation based on the language of Exclusion 14 of the umbrella coverage section of the Policy. Exclusion 14 excludes coverage for:

>Bodily injury to:
>
>a. Any of "your" employees <u>unless such liability is covered by valid and collectible employer's liability insurance as described in the schedule of "underlying insurance"</u> and then only to the extent that coverage is available under that policy.

(Emphasis added.)

The Tutvedts contend that "employer's liability insurance" includes workers' compensation coverage. Alternatively, they argue that Exclusion 14 and other exclusions in the policy that explicitly deny coverage for bodily injury to employees covered by workers' compensation are contradictory and the Policy is therefore ambiguous. Other relevant policy language is discussed below.

## II. Analysis

A party is entitled to summary judgment if it can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the documentary evidence produced by the parties permits only one conclusion, summary judgment is appropriate. <u>Anderson v. Liberty Lobby Inc.</u>, 477 U.S. 242, 251 (1986). Because this action was brought under diversity jurisdiction, the substantive law of Montana as the forum state applies. <u>Stanford Ranch, Inc. v. Maryland Cas. Co.</u>, 89 F.3d 618, 624 (9th Cir. 1996).

The interpretation of an insurance policy is a question of law. Steadele v. Colony Ins. Co., 260 P.3d 145 (Mont. 2011)(citations omitted). General rules of contract law apply. Id. "Insurance policies are construed strictly against the insurer," id. (citation omitted), and exclusions from coverage are narrowly construed. Farmers Union Mut. Ins. Co. v. Staples, 90 P.3d 381, 385 (Mont. 2004)(citation omitted). However, an insurer has no duty to defend if there is an 'unequivocal demonstration" that the claim does not fall within the policy's coverage. Id. If there is no duty to defend, generally neither is there a duty to indemnify, because the duty to defend is a broader duty "aris[ing] where the alleged facts even potentially fall within the scope of coverage." Skinner v. Allstate Ins. Co., 127 P.3d 359, 363–64 (Mont. 2005).

Ambiguous provisions of an insurance policy are also construed against the insurer. Giacomelli v. Scottsdale Ins. Co., 221 P.3d 666, 672 (Mont. 2009)(citation omitted). "An ambiguity exists where the insurance contract, taken as a whole, is reasonably subject to two different interpretations." Steadele, 260 P.3d at 148–149. But Courts will not "'seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract.'" Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc., 108 P.3d 469, 474 (Mont. 2005)(quoting

4

Mitchell v. German Commercial Accident Co., 161 S.W. 362, 363 (Mo. App. 1913)); see also Giacomelli, 221 P.3d at 672.

Two sections of the Tutvedts' Policy are relevant here: Section II, titled "Farm Liability Coverages," dkt # 23-1, 4–8, and Section V, the umbrella section, titled "Personal and/or Farm and Ranch Umbrella," id. at 9–17.

## A. Workers' compensation exclusions

Both Section II and Section V of the Policy contain exclusions for bodily injury to a person receiving workers' compensation benefits. Section II excludes coverage for:

> 24. Bodily injury to any person eligible to receive any benefits required to be provided or voluntarily provided by any insured under any workers' compensation, nonoccupational disease, disability or occupation disease law.

Id. at 7 (bold in original). Section V states that Mountain West does "not cover damages for 'bodily injury'...either actual or alleged arising out of any of the following," id. at 10, including:

> 33. Workers' Compensation & Similar Laws. "Bodily injury" to any person eligible to receive any benefits required to be provided or voluntarily provided by any "insured" under any Workers' Compensation, disability or occupational disease law whether or not collectible.

Id. at 12.

5

Exclusion 24 of Section II and Exclusion 33 of Section V unequivocally exclude coverage in this case. Hartung suffered a bodily injury. He was eligible to receive, and did in fact receive, benefits provided by the insured—the Tutvedts—under workers' compensation. Accordingly, both exclusions preclude coverage for Hartung's injury.

**B. Exclusions for bodily injury to employees**

Both sections of the Policy also contain exclusions for bodily injury to employees.

Exclusion 28 of Section II excludes coverage for "bodily injury sustained by any farm employee arising out of employment." Id. at 8. "Farm employee" is defined as "someone employed by you whose duties are in connection with the maintenance or use of the insured location as a farm." Id. at 2. "Farming" includes the "ownership, maintenance or use of the premises for the production of crops or the raising or care of livestock including all necessary operations pertaining thereto." Id.

The parties agree that Hartung is a farm employee or "ranch hand" who sustained a bodily injury in the scope of his employment. Thus, Exclusion 28 of Section II unequivocally precludes coverage under the Farm Liability portion of the Policy.

6

Similarly, Section V of the Policy excludes coverage for:

14. Employee Injury. Bodily injury to:

> a. Any of "your" employees <u>unless such liability is covered by valid and collectible employer's liability insurance as described in the schedule of "underlying insurance"</u> and then only to the extent that coverage is available under that policy.
>
> b. spouse, child, brother, sister or parent of that employee as a result of a above.

<u>Id.</u> at 10 (emphasis added). Unless the underlined exception applies, this exclusion unequivocally precludes coverage for bodily injury to Hartung, the Tutvedts' employee.

## C. The exception to Exclusion 14 of Section V does not encompass the Tutvedts' workers compensation

The Tutvedts argue that the exception to Exclusion 14 of Section V, underlined above, provides coverage for Hartung's injuries. First they contend that because the Policy does not define "employer's liability insurance" and no section of the Policy is designated as employer's liability insurance, "employer's liability insurance" must refer to workers' compensation coverage. However, the exception in Exclusion 14 of Section V does not apply here and the Tutvedts' proposed reading is strained.

Regardless of whether "employer's liability insurance" encompasses

7

workers' compensation coverage, the Tutvedts do not fit the exception. The exception's plain language requires that the insured's employer's liability insurance be "described in the schedule of underlying insurance." Id. The Tutvedts' "Schedule of 'Underlying Insurance'" is included in the "Additional Policy Declarations" for Section V of the Policy. Dkt # 27-1, 6. The schedule lists "personal liability," "'farm' and ranch liability," "'auto' liability," "business liability," "'recreational motor vehicle' liability," and "'watercraft' liability" coverage. Id. It does not list employer's liability insurance or workers' compensation. Id. Thus, the exception does not apply to the Tutvedts, and Exclusion 14 precludes coverage for their employee's bodily injury.

Moreover, reading "employer's liability insurance" to include workers' compensation is too clever by half. As noted by the California Supreme Court, employer's liability insurance and workers' compensation are "generally....mutually exclusive." Producers Dairy Delivery Co. v. Sentry Ins. Co., 718 P.2d 920, 927 (Cal. 1986)("[E]mployers' liability insurance is traditionally written in conjunction with workers' compensation policies, and is intended to serve as a 'gap-filler,' providing protection to the employer in those situations where the employee has a right to bring a tort action despite the provisions of the workers' compensation statute or the employee is not subject to

8

the workers' compensation law")(citing John Alan Appleman, <u>Insurance Law and Practice</u> vol. 7B, § 4571, 1–4 (Walter F. Berdal ed., rev. ed. 1979)).

The Policy's use of these terms also indicates they are mutually exclusive. Where the Policy refers to workers' compensation coverage, it uses the term "workers' compensation." *See* Exclusion 24, § II, and Exclusion 33, § V, *supra* at 6. And though the Policy does not define "employer's liability insurance," some customers may opt to procure the Policy's "Employer's Liability" coverage, Coverage H of Section II. Dkt # 23-1, 4. The Tutvedts' Policy does not include Coverage H, which is only available in Wyoming. <u>Id.</u> This is confirmed by the list of liability coverages they purchased. Dkt # 27-1, 4–5. However, the Policy distinguishes "Employer's Liability" coverage from workers' compensation; the Policy would not permit coverage under Coverage H if workers' compensation applied because Exclusion 24 of Section II applies to all the coverage options available under Section II. When interpreting an insurance policy, [courts] read the policy as a whole and, if possible, ...reconcile its various parts to give each one meaning and effect. <u>Newbury v. State Farm Fire & Cas. Ins. Co. of Bloomington, Ill.</u>, 184 P.3d 1021, 1024 (Mont. 2008). The Policy's use of the term "Employer's Liability" to describe a type of coverage distinct from workers' compensation suggests that the term "employer's liability insurance" in Exclusion 14 of Section

V also does not encompass workers' compensation.

Even if "employer's liability insurance" encompassed workers' compensation, the Tutvedts do not meet the requirements to fit the exception. No employer's liability insurance or workers' compensation are listed in their schedule of underlying insurance. Furthermore, the two types of coverage are generally mutually exclusive, and the Policy itself uses "workers' compensation" to refer to workers' compensation coverage and "Employer's Liability" coverage to refer to a different type of coverage option that is distinct from workers' compensation.

Because the exception does not apply, Exclusion 14 of Section V precludes coverage for "bodily injury...to any of [the Tutvedts'] employees," including Hartung.

**C. Because the exception does not apply, it is unnecessary to decide whether the provisions are inconsistent**.

Exclusions 24 and 28 of Section II preclude coverage under the liability section of the Policy because Hartung, a farm employee of the Tutvedts acting in the scope of his employment, suffered a bodily injury that was covered under workers' compensation. Exclusions 14 and 33 of Section V preclude coverage under the umbrella section of the Policy for the same reasons. Since the exception

10

to Exclusion 14 does not apply, the Policy precludes coverage. It is not necessary to reach the question of whether the Policy would be ambiguous if the exception applied. In deciding a coverage question the Court will not "create an ambiguity in an insurance policy where none exists." Newbury, 184 P.3d at 1025. Accordingly, the provisions are not contradictory and the Policy is not ambiguous.

### III. Conclusion

Four exclusions in the Tutvedts' Policy apply here and preclude coverage of Hartung's injuries. The Tutvedts do not qualify for the exception to Exclusion 14 of Section V because their schedule of underlying insurance does not list any employer's liability insurance. Interpreting "employer's liability insurance" to include workers' compensation would distort the language of the policy and read the exception in a vacuum, without considering the rest of the Policy. The exclusions are not contradictory and the Policy is not ambiguous.

Therefore IT IS ORDERED that Plaintiff's Motion for Summary Judgment (dkt # 22) is GRANTED.

The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant in accordance with this Order.

The Clerk is directed to notify the parties of the entry of Final Judgment in this case.

Dated this 27th day of January, 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT